**Ranjit KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74860.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Feb. 15, 2011.[*]

Filed Feb. 24, 2011.

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM [**]

Ranjit Kaur, native and citizen of India, petitions for review of a Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the finding that the harm Kaur suffered in India was not severe enough to warrant a grant of asylum. *See Kumar v. INS,* 204 F.3d 931, 934–35 (9th Cir.2000). Substantial evidence also supports the agency's conclusion that the government rebutted the presumption that Kaur has a well-founded fear of future persecution with evidence that she can relocate reasonably

ed by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

within India. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir.2003) (presumption of well-founded fear can be rebutted if the government can show the applicant could reasonably be expected to relocate). Accordingly, Kaur's asylum and withholding of removal claims fail.

■ Finally, substantial evidence supports the agency's denial of CAT relief because Kaur failed to establish it is more likely than not that she will be tortured if returned to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.